UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>CGI LIQUIDATION, INC.,<br>f/k/a CARLSON GROUP INC., et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 03-12032-WCH,<br>Case No. 03-12030-WCH through<br>Case No. 03-12034<br>Substantively Consolidated |
| CRAIG R. JALBERT,<br>LIQUIDATING SUPERVISOR, AS<br>REPRESENTATIVE OF THE ESTATES<br>OF THE CONSOLIDATED DEBTORS,<br><br>        Plaintiff,<br>vs.<br><br>M.G.E. UPS SYSTEMS, INC.<br><br>        Defendant. | Adv. Pro. No. 05-01125 |

**MEMORANDUM OF DECISION**

I. Introduction

    Craig R. Jalbert ("Jalbert"), the liquidating supervisor of the consolidated debtors (the "Debtors"), filed an adversary proceeding seeking the return of three alleged preferential payments to M.G.E. UPS Systems, Inc. ("MGE"). MGE denies that the payments are avoidable preferences and filed a Motion for Partial Summary Judgment (the "Motion") seeking summary judgment as to one of the payments. I held a hearing on the Motion and took the matter under advisement. For the reasons set forth below, I will deny the Motion.

II. Facts

    In the fall of 2002, the Debtors contracted with MGE to provide power management

devices to the Debtors for use in their construction of a project located in New York, New York (the "Con Ed Project").[1] MGE delivered the devices to the Debtors and, on October 9, 2002, October 19, 2002, and November 8, 2002, sent the Debtors invoices for the devices totaling $155,768.50.[2] On January 10, 2003, the Debtors issued MGE a check in the amount of $155,768.50 (the "Payment").[3]

The Debtors filed a Chapter 11 petition on March 12, 2003. Thereafter, Jalbert filed his complaint alleging that the Payment and two other payments from the Debtors in the 90 days prior to the bankruptcy filing were preferential transfers. The Motion followed.

In the Motion, MGE argues that the Payment consisted of funds that were not property of the Debtors for the purposes of § 547(b) and that MGE had the rights of a secured party because it could have perfected a mechanic's lien in lieu of accepting payment. Jalbert responds that MGE did not meet its burden of proving that the Payment consisted of funds that were not property of the Debtors; MGE should not be treated as a secured party; and MGE waived its defense that the Payment consisted of funds that were not property of the Debtors.[4]

III. Analysis

    A. The Standard of Review for a Motion for Summary Judgment

Fed. R. Bankr. P. 7056, which incorporates Fed. R. Civ. P. 56, governs motions for

---

[1] MGE UPS System, Inc.'s Statement of Uncontested Facts (the "MGE Statement"), p. 2, Docket No. 13.

[2] *Id.* at p. 4.

[3] *Id.*

[4] Liquidating Supervisor's Opposition to Defendant's Motion for Partial Summary Judgment (the "Opposition").

2

summary judgment. Fed. R. Civ. P. 56(c) states that if "there is no genuine issue as to any material fact . . . that the moving party is entitled to a judgment as a matter of law." The burden of establishing that there is no genuine issue as to any material fact is on the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Initially, the burden of production rests on the movant, and if satisfied then shifts to the nonmoving party. *Id.* The burden of persuasion always remains on the moving party, *id.*, although ". . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing there is no genuine issue for trial." Fed. R. Civ. P. 56(e). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985).

### B. Whether MGE Waived the Argument that the Transferred Funds Were Not Property of the Estate

Jalbert's first contention is that MGE waived its argument that the transferred funds were not property of the Debtors by admitting that fact in its admissions to interrogatories. Jalbert's interrogatory no. 16, request for admission no. 7, asked for a response to the statement "[t]he Transfers constituted an interest of the Debtors in property."[1] MGE, in its Defendant MGE UPS Systems, Inc.'s Answers to Plaintiff's First Set of Requests for Admissions and Interrogatories Directed to Defendant, responded "Admits." Jalbert's interrogatory no. 17 stated "[i]f your response to Request for Admission No. 7 is anything other than an unqualified admission, state the basis for your response and describe the inquiry you conducted." MGE responded "Not applicable."[2]

Fed. R. Bankr. P. 7036 governs requests for admission in bankruptcy and incorporates

---

[1] Opposition, Ex. D, p. 2, Docket No. 23.

[2] *Id.*

3

Fed. R. Civ. P. 36. Rule 36(b) provides, in relevant part, that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

MGE's admission that the Payment constituted an interest of the Debtors in property would not by itself prevent MGE from making the argument that the Debtors did not hold an equitable interest in the Payment, as it is possible for one party to hold a legal interest in property in which another party holds an equitable interest. MGE's refusal to qualify its admission that the Payment constituted an interest of the Debtors in property, however, is problematic. The Oxford English Dictionary defines unqualified, when employed in a context such as in the above quoted interrogatories, as "not modified, limited, or restricted." Oxford English Dictionary, 2d ed., 1989. MGE's admission that the Payment constituted an interest of the Debtors in property does not meet this definition, because MGE argues that the Debtor had *only* a legal interest in the Payment, not an equitable interest, thus modifying the word "interest" by restricting its meaning. By not qualifying its admission when requested, MGE has lost the right to argue the position, contrary to its admission, that the Debtor did not hold some title to the Payment.

I do not need to consider the arguments of the parties as to whether or not Jalbert was prejudiced by MGE's admissions and other behavior before and during discovery. The question of prejudice is not relevant to determining whether or not a particular fact has been admitted. It is relevant only to a determination under Fed. R. Civ. P. 36(b) of whether or not the admission may be amended or withdrawn, a matter that is not before me.

I also do not need to consider the arguments of the parties as to whether or not Interrogatory Nos. 16 and 17 impermissibly called for a conclusion of law. Fed. R. Civ. P. 36(a)

4

requires that a party object to a request for admission within 30 days of the service of the request. MGE did not object to Interrogatory No. 16 or Interrogatory No. 17.

Therefore, I will not consider MGE's argument that the Debtors held only a legal interest in the Payment subject to the equitable interest held by MGE as beneficiary of a statutory trust.

### C. Whether MGE Should Be Treated as a Secured Creditor

MGE argues that it should be treated as a secured creditor, and that as a secured creditor it received no more from the Debtor than it would have received in a Chapter 7 bankruptcy. Section 547(b)(5) specifies that for a payment to be deemed preferential, the party that is paid must receive more from the debtor than it would in a Chapter 7 bankruptcy. MGE contends that because it could have perfected the statutory mechanic's lien to which it was entitled under New York law, and because it would have done so had it not been paid, it should be treated as though it holds a perfected statutory lien. Statutory liens are not subject to avoidance under the bankruptcy code. 11 U.S.C. § 547(c)(6).

Even if I were to adopt the position advanced by MGE and treat MGE as the holder of a mechanic's lien, MGE would have no right to enforce its lien against the Debtor. New York law provides that mechanic's liens attach to the real property improved. N.Y. LIEN LAW § 3 (Consol. 2005). Such liens are therefore only effective against the owner of that real property. I have no information to suggest that the Debtors were the owners of the Con Ed Project, the real property improved in this case. Even if MGE had not been paid and had properly perfected a mechanic's lien securing the value of the equipment it provided to the Debtors, MGE would hold a claim secured by property belonging to the owners of the Con Ed Project, not by any property of the Debtors. Therefore, MGE has not demonstrated that it received no more from the Debtors than it

5

would have in a Chapter 7 bankruptcy.

IV. Conclusion

For the reasons stated above MGE's Motion for Partial Summary Judgment is denied. I will assign a pre-trial hearing date for further proceedings in this matter.

*William C. Hillman*
William C. Hillman
United States Bankruptcy Judge

Dated: 2/13/06

Counsel Appearances:
For MGE, Janet E. Bostwick, Janet E. Bostwick, P.C., Boston, MA, and Lauren Newman, Fagelhaber L.L.C., Chicago, IL.
For Jalbert, Sara E. Solfanelli, Choate, Hall & Stewart L.L.P., Boston, MA.